HON. ROBERT J. BRYAN

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHANCE DANIELS, an individual,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, dba FedLoan Servicing,<br><br>　　　　Defendant. | Case No.: 17-5317 RJB<br><br>AMENDED COMPLAINT FOR VIOLATIONS OF<br><br>THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]; and<br><br>THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86, et seq. |

## **INTRODUCTION**

1. Chance Daniels ("Plaintiff") brings this action to secure redress from Pennsylvania Higher Education Assistance Agency, dba FedLoan Servicing ("PHEAA") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. and the Washington Consumer Protection Act, ("CPA"), RCW 19.86 et seq. for its illegal reporting on Plaintiff's credit report.

///

COMPLAINT                                  1

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

## PARTIES

2. Plaintiff is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in: King County, Washington. Mr. Daniels is a "person" and "consumer" as defined by the FCRA at 15 U.S.C. §1681a(b) and (c).

3. Defendant, PHEAA is a student loan servicing organization which is a furnishes information as contemplated by FCRA §1681s-2(a) & (b), that regularly, and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. In addition, PHEAA engages in the practice of collecting debt as defined in 15 U.S.C. 1692a(6). PHEAA maintains its corporate office in Harrisburg, PA, but it took actions in violation of the FCRA which caused injury in King County Washington as described in the factual allegations herein.

4. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

5. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331, 1337.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

COMPLAINT 2

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

## FACTUAL ALLEGATIONS

7. Between the years 2006 and 2009, a series of twenty-two (22) Stafford loans were taken out in Plaintiff's name and used to pay for Plaintiff's tuition at Central Oregon Community College.

8. Plaintiff's first loan was disbursed on April 14, 2006 and the last loan was disbursed on April 12, 2009.

9. Central Oregon Community College was the only college Plaintiff attended between April 2006 and April 2009.

10. Plaintiff did not attend any college between April 2009 and August 2014 and was not issued any student loans after April 2009.

11. Winter 2009 was the last term in which Plaintiff was enrolled at Central Oregon Community College.

12. After ending enrollment in April, 2009, Plaintiff's loans subsequently went into default, but were all paid in full by consolidation in August 2016. The consolidation loan is being paid as agreed.

13. After the loan consolidation, Plaintiff became aware that defendant PHEAA had placed an incorrect, negative tradeline on his credit report for one (1) of the loans ("subject loan"), which had a "loan period begin date" of 9/22/2008 and a "disbursement date" of 10/08/2008.

14. After the subject loan was disbursed, two (2) subsequent loan disbursements took place, on 1/16/2009 and 4/12/2009.

COMPLAINT 3

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

15. Plaintiff's last term of enrollment at Central Oregon Community College was winter term, 2009.

16. The grace period for <u>all</u> of Plaintiff's student loans began after Plaintiff was no longer enrolled in school, or at the end of winter term, 2009.

17. All of PHEAA's records show that Plaintiff's enrollment status was "withdrawn as of 4/27/2009."

18. PHEAA's records show that the grace period for all of Plaintiff's loans ended six months after withdrawal, or 10/28/2009.

19. Prior to the August 2016 loan consolidation, Plaintiff had never made any payments on any of the loans, indicating that all of the loans entered into default status on or about July 28, 2010 (270 days, or approximately 9 months after the grace period ended).[1]

20. According to PHEAA's records, all of Plaintiff's student loans entered default status by 12/30/2010 except the subject loan.

21. Plaintiff's inquiries to PHEAA regarding the subject loan resulted in a record, sent to Plaintiff by PHEAA, which incorrectly states that the subject loan was "in grace period" as of 6/15/2011, was in "forebearance" as of 4/24/2012 and which shows two distinct default dates: 1/7/2013 and 3/25/2013.

22. The grace period for the subject loan ended on 10/28/2009, six months after Plaintiff was officially withdrawn from school.[2]

23. Plaintiff never requested, and was never granted forebearance for <u>any</u> of his loans.

---

[1] https://studentaid.ed.gov/sa/repay-loans/default
[2] http://www.studentloanborrowerassistance.org/repayment/postponing-repayment/grace-periods/

COMPLAINT 4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

24. On or about May 9, 2017, PHEAA sent a letter to Plaintiff in which it referenced three "loan sequences" and stated that "[l]oan sequence 1 and 2 transferred to our office on October 3, 2009. * * * These loans then transferred to the Default Resolution Group . . . on November 17, 2010.

25. The above statement is in line with Plaintiff's understanding of when all 22 loans entered default status.

26. PHEAA's May 9, 2017 letter goes on to state that "[l]oan sequence 3 transferred to our office on December 19, 2009. Your school certified for this loan prior to transferring that you separated from school on June 14, 2011."

27. The above statement is clearly inaccurate, and conflicts with PHEAA's own records, all of which show that Plaintiff's enrollment status was "withdrawn as of April 27, 2009".

28. On or about May 17, 2017, the registrar of Central Oregon Community College mailed Plaintiff a letter certifying that "Chance Daniels is not currently registered, and has not been registered in credit classes at Central Oregon Community College since our Winter term 2009."

29. Plaintiff has repeatedly attempted to explain to PHEAA that there must have been some type of data entry error and/or PHEAA is illegally re-aging the subject loan – because the subject loan was one of a series of loans taken out during the same time period and which became due and defaulted at the same time – and none of Plaintiff's other loans are being negatively reported.

COMPLAINT 5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

30. Despite plaintiff's repeated requests for correction, PHEAA insists that its records are accurate regarding the subject loan, and has refused to remove the negative tradeline from Plaintiff's credit reports.

31. Pursuant to paragraphs (4) and (5) of subsection (a) of section 605 of the Fair Credit Reporting Act, PHEAA's tradeline should have been removed no later than 12/30/2016 – 7 years after date of default.

32. With the exception of the subject loan, there are no negative tradelines for any of Plaintiff's other student loans.

33. Indeed, with the exception of the subject loan, there are no negative tradelines of any type on any of Plaintiff's consumer credit reports.

34. As a result of Defendant's conduct, Plaintiff suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs.  Because Plaintiff thus far has only been able to check the main three consumer credit reporting agencies, Plaintiff may continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

35. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and

COMPLAINT 6

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

36. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

37. As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit report, preventing him from being able to obtain credit and specifically preventing him from obtaining a mortgage.

## FIRST CAUSE OF ACTION
### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The FCRA requires a furnisher such as PHEAA, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

40. Beginning on or about November 2016, PHEAA provided inaccurate information to the credit reporting agencies.

41. Plaintiff notified the three Credit Reporting Agencies which were reporting the negative tradeline that their reports concerning Defendant PHEAA were inaccurate.

COMPLAINT 7

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

42. The negative tradeline remained on Plaintiff's TransUnion credit report until approximately April of 2017.

43. The negative tradeline remained on Plaintiff's Equifax credit report until the date of filing this Complaint.

44. Defendant PHEAA violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   (a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   (b) Willfully and negligently failing to review all relevant information concerning Plaintiff's student loan(s);

   (c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   (d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   (e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   (f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies; and

   (g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

45. Defendant PHEAA's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**Washington Consumer Protection Act Claim**
**Violations of RCW 19.86 et seq.**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. PHEAA's refusal to correct its tradeline on Plaintiff's credit report is unfair and/or deceptive and therefore unlawful pursuant to 19.86.020.

48. Plaintiff has been injured in his property by PHEAA's violation of 19.86.020 and is therefore authorized to bring this action against PHEAA for damages.

49. Pursuant to RCW 19.86.093, PHEAA's actions are injurious to the public interest because those actions have injured other persons or have the capacity to injure other persons.

50. Defendants' acts and omissions described herein constitute a violation of the Washington State Consumer Protection Act.

51. As a result of the foregoing violations, Defendants are liable to Plaintiff for actual damages, statutory damages, exemplary damages, and costs and attorney fees, as well as other such relief, including injunctive relief, as authorized by RCW 19.86.095.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o; RCW 19.86.090 and RCW 19.182.150;

B. Punitive/exemplary damages pursuant to RCW 19.86.090;

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o, and RCW 19.86.090;

D. For an order enjoining further violations by the Defendants pursuant to RCW 19.86.090;

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 13th day of June, 2017.

**SAMWEL COUSINEAU, PC**

*/s/Sharon D. Cousineau*
Sharon D. Cousineau, WSBA #30061
700 West Evergreen Boulevard
Vancouver, WA 98660
Phone: (360) 750-3789
Fax: (360) 750-3788
E-mail: sdcousineau@gmail.com
*Counsel for Plaintiff*
*Chance Daniels*

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, WA 98660
(360) 750-3789 (tel) | (360) 750-3788 (fax)
sdcousineau@gmail.com