The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>CHANCE DANIELS,<br><br>           Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,<br><br>           Defendant. | Case No. 3:17-cv-05317-RJB<br><br>STATEMENT REGARDING STATUS OF CASE SETTLEMENT |

Pennsylvania Higher Education Assistance Agency ("Defendant" or "PHEAA"), by its undersigned counsel, submits this Statement Regarding Status of Case Settlement based on the following circumstances:

1.) On April 25, 2018 the parties to this action filed a Notice of Settlement (Dkt. #46). Defendant PHEAA acknowledges that it has fully agreed to resolve this case in accordance with the terms of the parties' Settlement Agreement.

2.) On April 26, 2018, the Court entered its Order Striking Motions and Case Deadlines and Setting Final Deadline for Final Settlement Paperwork (Dkt. #47; the "Order Setting Deadline"). In its Order, the Court asserted that "the parties should file the final settlement paperwork on or before May 17, 2018."

STATEMENT REGARDING STATUS OF CASE SETTLEMENT - 1

Case No. 3:17-cv-05317-RJB     4812-6969-0981.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

1  3.) PHEAA is a government agency of the State of Pennsylvania. PHEAA's General Counsel and PHEAA's CEO have executed the Settlement Agreement. Pennsylvania's Commonwealth Attorney's Act (71 P.S. §732-204(f)), however, requires the Pennsylvania Attorney General's Office, as a routine administrative matter, to review all state agency agreements and further grants the Attorney General's Office up to 30 days following receipt to conduct its review. A copy of the Pennsylvania statute is attached hereto. Any monies required to be paid under such agreements are issued by the Pennsylvania State Treasury after the review is concluded or the 30-day review period expires.

4.) The parties' Settlement Agreement requires that this case be dismissed upon consummation of the parties' obligations under the Agreement. Pennsylvania's statutory 30-day review period is currently running. Given, however, the administrative overlay of Pennsylvania state law that governs PHEAA's consummation of the Settlement Agreement, it appears unlikely that the parties will be able to consummate the Settlement Agreement and file their voluntary dismissal of this case "on or before May 17, 2018."

5.) The Court's Order Setting Deadline asserts that "the parties *should* file the final settlement paperwork on or before May 17, 2018." PHEAA submits this Statement to advise the Court of the Pennsylvania statutory timing issue and to request relief from the Court's May 17 deadline, if the Court intended the May 17 deadline to be mandatory rather than precatory.

DATED this 16th day of May, 2018.

/s/ Mark D. Northrup
Mark D. Northrup, WSBA No. 16947
Attorney for Defendant
Miller Nash Graham & Dunn LLP
2801 Alaskan Way, Suite 300
Seattle, Washington 98121-1128
Telephone: (206) 624-8300
Facsimile: (206) 340-9599
mark.northrup@millernash.com
Attorneys for PHEAA

STATEMENT REGARDING STATUS OF CASE SETTLEMENT - 2

Case No. 3:17-cv-05317-RJB     4812-6969-0981.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

## Certificate of Service

Dona D. Purdy affirms and states:

That on this day, I caused to be served the foregoing Statement Regarding status of Case Settlement, by the method indicated below, and addressed to:

| Sharon Cousineau<br>Samwel Cousineau, PC<br>700 West Evergreen Blvd.<br>Vancouver, WA 98660 | _X_ Electronically by ECF<br>____ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Facsimile Transmission |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 16th day of May, 2018, in Seattle, Washington.

_____
Dona D. Purdy
Legal Assistant

STATEMENT REGARDING STATUS OF CASE SETTLEMENT - 3

Case No. 3:17-cv-05317-RJB    4812-6969-0981.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

Purdon's Pennsylvania Statutes and Consolidated Statutes
  Title 71 P.S. State Government
    Part I. The Administrative Codes and Related Provisions
      Chapter 3. Commonwealth Attorneys Act (Refs & Annos)
        Chapter 2. Office of Attorney General

71 P.S. § 732-204

§ 732-204. Legal advice and civil matters

Currentness

**(a) Legal advice.--**

(1) Upon the request of the Governor or the head of any Commonwealth agency, the Attorney General shall furnish legal advice concerning any matter or issue arising in connection with the exercise of the official powers or the performance of the official duties of the Governor or agency. The Governor may request the advice of the Attorney General concerning the constitutionality of legislation presented to him for approval in order to aid him in the exercise of his approval and veto powers and the advice, if given, shall not be binding upon the Governor. In all other cases the advice when received shall be followed and, when followed, the recipient shall not in any way be liable for doing so, upon his official bond or otherwise.

(2) If the Governor or the head of any Commonwealth agency disagrees with the legal advice rendered by the Attorney General, the Governor or the head of the Commonwealth agency may seek a declaratory judgment in the Commonwealth Court pursuant to 42 Pa.C.S. Ch. 75 Subch. C (relating to declaratory judgments). The legal advice of the Attorney General shall be binding until the Commonwealth Court issues a final order on the petition requesting the declaratory judgment.

(3) It shall be the duty of the Attorney General to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction.

(4) Before the Attorney General shall render any opinion interpreting any appropriation act, or any act authorizing the expenditure of money, he shall notify the Departments of the Auditor General, the State Treasury and the Secretary of Budget and Administration of the question upon which his opinion has been requested, and afford to these departments an opportunity to present any views which they may have upon such question.

**(b) Commonwealth agencies; rules and regulations.**--The Attorney General shall review for form and legality, all proposed rules and regulations of Commonwealth agencies before they are deposited with the Legislative Reference Bureau as required by section 207 of the act of July 31, 1968 (P.L. 769, No. 240), known as the "Commonwealth Documents Law."[1] If the Attorney General determines that a rule or regulation is in improper form, not statutorily authorized or unconstitutional, he shall notify in writing within 30 days after submission the agency affected, the Office of General Counsel, and the General Assembly through the offices of the Secretary of the Senate and the Chief Clerk of the House of

Representatives of the reasons for the determination. The Commonwealth agency may revise a rule or regulation to meet the objections of the Attorney General and submit the revised version for his review. Should the agency disagree with the objection, it may promulgate the rule or regulation with or without revisions and shall publish with it a copy of the Attorney General's objections. The Attorney General may appeal the decision of the agency by filing a petition for review with the Commonwealth Court in such manner as is provided for appeals from final orders of government agencies pursuant to 42 Pa.C.S. § 763 (relating to direct appeals from government agencies) and may include in the petition a request for a stay or supersedeas of the implementation of the rule or regulation which upon a proper showing shall be granted. If a rule or regulation has been submitted to the Attorney General and he has not approved it or objected to it within 30 days after submission, the rule or regulation shall be deemed to have been approved.

**(c) Civil litigation; collection of debts.**--The Attorney General shall represent the Commonwealth and all Commonwealth agencies and upon request, the Departments of Auditor General and State Treasury and the Public Utility Commission in any action brought by or against the Commonwealth or its agencies, and may intervene in any other action, including those involving charitable bequests and trusts or the constitutionality of any statute. The Attorney General shall represent the Commonwealth and its citizens in any action brought for violation of the antitrust laws of the United States and the Commonwealth. The Attorney General shall collect, by suit or otherwise, all debts, taxes and accounts due the Commonwealth which shall be referred to and placed with the Attorney General for collection by any Commonwealth agency; the Attorney General shall keep a proper docket or dockets, duly indexed, of all such claims, showing whether they are in litigation and their nature and condition. The Attorney General may, upon determining that it is more efficient or otherwise is in the best interest of the Commonwealth, authorize the General Counsel or the counsel for an independent agency to initiate, conduct or defend any particular litigation or category of litigation in his stead. The Attorney General shall approve all settlements over such maximum amounts as he shall determine arising out of claims brought against the Commonwealth pursuant to 42 Pa.C.S. § 5110.

**(d) Administration of consumer affairs programs.**--The Attorney General shall administer the provisions relating to consumer protection set forth in sections 917 through 922 of the act of April 9, 1929 (P.L. 177, No. 175), known as "The Administrative Code of 1929,"[2] and appoint the advisory committee established under section 922.[3]

**(e) Limitations in civil litigations.**--The Attorney General shall not agree to the entry of a consent decree in any action against the Commonwealth or any agency without the approval of the Governor and notice to the General Assembly through the offices of the Secretary of the Senate and the Chief Clerk of the House of Representatives.

**(f) Deeds, leases, contracts and fidelity bonds.**--The Attorney General shall review for form and legality, all Commonwealth deeds, leases and contracts to be executed by Commonwealth agencies; if the Attorney General determines that a deed, lease, or contract is in improper form, not statutorily authorized or unconstitutional, he shall notify in writing within 30 days after its submission the agency affected, the Office of General Counsel, and the General Assembly through the offices of the Secretary of the Senate and the Chief Clerk of the House of Representatives. The agency may rewrite the deed, lease or contract to meet the objections of the Attorney General. If the agency disagrees with the objection of the Attorney General, it may appeal the decision of the Attorney General by filing a Petition for Review with the Commonwealth Court in such manner as is provided for appeals from final orders of government agencies pursuant to 42 Pa.C.S. § 763 (relating to direct appeals from government agencies). If an instrument has been submitted to the Attorney General and he has not approved it or submitted his objection within 30 days after submission, the instrument shall be deemed to have been approved; the Attorney General may prepare uniform instrument forms and preapprove all such documents which are prepared in accordance with such forms and applicable instructions. The Attorney General shall likewise continue to approve all fidelity, surety, performance and similar bonds as required by law to be submitted to the Attorney General or the former Department of Justice.

**Credits**

1980, Oct. 15, P.L. 950, No. 164, § 204, effective Jan. 20, 1981.

Notes of Decisions (25)

Footnotes
1   45 P.S. § 1207.
2   71 P.S. §§ 307-1 to 307-6.
3   71 P.S. § 307-6.

71 P.S. § 732-204, PA ST 71 P.S. § 732-204
Current through 2018 Regular Session Act 11

End of Document © 2018 Thomson Reuters. No claim to original U.S. Government Works.